UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Charles Bach, | ) | C/A No. 4:15-cv-04915-MGL-KDW |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| CIA, | ) | |
| Defendant. | ) | |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.     Factual Background

David Charles Bach ("Plaintiff") filed the Complaint now under review and alleges he has been contacted "via 2 way communications" by someone or something that "claims of being CIA." Pet. 2, ECF No. 1. The only other claim-related allegations in the Complaint are the words "Harrasment [sic]. Explotion [sic]. Force and humiliation." *Id*. at 2-3. As relief, Plaintiff says that he "would like to find out more about this situation; and furthermore file a lawsuit. Any and all evidences for a trial. Settlements accepted." *Id*. at 4.

II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-

25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

III.     Discussion

Although a pro se litigant's pleadings are to be liberally construed, it is settled that those pleadings must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Godbey v. Simmons*, No. 1:11cv704 (TSE/TCB), 2014 WL 345648, at *4 (E.D. Va. Jan. 30, 2014) ("Whether filed by a pro se litigant or not, 'claims brought in federal court are subject to the generally applicable standards set forth in the Supreme Court's entire Rule 8(a) jurisprudence, including [*Bell Atlantic Corp. v.*] *Twombly*, [550 U.S. 544 (2007)] and *Iqbal*.'") (quoting from *Cook v. Howard*, 484 F. App'x 805, 810 (4th Cir. 2012). The minimal allegations in the Complaint under review do not provide any factual support for Plaintiff's assertions that he was contacted through two-way communication by any official with the United States Central Intelligence Agency, commonly called "the C.I.A." For example, Plaintiff does not allege anything about what these communications were about, when they were made, what they said, or where the communications took place. Plaintiff's use of conclusory words such as harassment, exploitation, force, and humiliation, in absence of any supporting factual allegations does not support a reasonable inference that any C.I.A. employee or official is liable for the communications of which he complains and, therefore, no plausible federal legal claim arising from the alleged communications is stated. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 570; *Tobey v. James*, 706 F.3d 379, 386 (4th Cir. 2013). Furthermore, Plaintiff's claim for relief does not request damages or injunctive or declaratory relief, which are the kinds of relief generally available in this court. Instead, the claim for relief appears, at most, to request this court to issue an advisory opinion about "this situation," but that is relief that this court cannot

grant. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (federal courts do not render advisory opinions); *Pub. Serv. Co. v. E.P.A.*, 225 F.3d 1144 (10th Cir. 2000) (same); *see Bowler v. Young*, 55 F. App'x 187, 188 (4th Cir. 2003) (same).

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

February 11, 2016                                          Kaymani D. West
Florence, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).