

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DAVID CHARLES BACH, § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 4:15-04915-MGL-KDW |
| § | |
| CIA, § | |
| Defendant. § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE

This is a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Plaintiff's action be dismissed without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 11, 2016. Although Plaintiff's objections to the Report were due no later than February 29, 2016, he failed to file any document titled

"Objections." Instead, on February 23, 2016, the Clerk of Court entered Plaintiff's "Notice of Appeal." But, the Fourth Circuit's jurisdiction is limited to consider only final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. 1292. The Report does not fit into any of these three categories.

Because the Court is required to liberally construe pro se pleadings, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and because Plaintiff's "Notice of Appeal" was filed within the time-frame that objections were to be filed, the Court has no choice other than to construe Plaintiff's "Notice of Appeal" as his objections to the Report, *see*, *e.g., Hester v. N.C. Atty. Gen.*, 199 F.3d 1327 (4th Cir. 1999) (unpublished table decision) (interpreting a "Notice of Appeal" as "Objections to the Report" when the petitioner filed a notice of appeal instead of objections to the Report during the time period for filing objections to the Report).

This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991) (holding that general objections are insufficient to preserve appellate review). In this case, Plaintiff made the most general of objections by merely stating his desire to appeal. Plaintiff was warned of the consequences of failing to file specific objections. Report 5. In that Plaintiff neglected to specify the portions of the Report to which he objected, this Court holds that he has waived appellate review.

After a thorough de novo review of the Report and the record in this case, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Plaintiff's action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

Signed this 31st day of March, 2016, in Columbia, South Carolina.

                                                s/ Mary G. Lewis  
                                                MARY G. LEWIS  
                                                UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.